## ANDY FOSTER *v.* WILLIAM MISH.

Under Article 10 of the Civil Code, the form and effect of a deed of manumission made in another State is governed by the laws of the State where it was made, and where it was to have its effect.

In giving effect to such a deed made in a State where the common law is known to prevail, the Supreme Court will judicially take cognizance of this fact and will give full effect to the deed, if it is sufficient in form and effect in the common law States of the Union, in the absence of statutory enactments to the contrary, to confer upon a slave a full and perfect title to his freedom.

The Act of 1857, prohibiting the emancipation of slaves, does not prevent a free person of color who has been wrongfully and illegally deprived of his freedom, from bringing a suit to recover his liberty.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*Hart & Martin*, for plaintiff and appellant. *Geo. S. Lacy*, for defendant.

LAND, J. The plaintiff sues for the recovery of his freedom, on the ground that his mother, a colored woman, was free, and in the enjoyment of her freedom at the time of his birth.

. To establish the alleged freedom of his mother, the plaintiff offered in evidence a deed of manumission, signed, sealed and delivered by *John Foster* on the 25th day of June, 1838, and duly recorded on the same day, in Clark County, in the State of Kentucky, by which she was manumitted and set free anterior to the time of his birth.

He also offered in evidence the testimony of witnesses, which proves that his mother, since the date of the deed of manumission, has been constantly recognized in the State of Kentucky as a free person of color, and has been continuously in the actual enjoyment of her freedom from that date.

He further proved that, *his acknowledged status* in the State of Kentucky was that of a free person of color, from the time of his birth up to the time of his removal from that State, a period of some fifteen years.

Under Article 10 of the Civil Code, the form and effect of the deed of manumission are governed by the laws of Kentucky, where it was passed or executed, and where it was to have its legal effect, and not by the laws of this State, as contended for by defendant's counsel. We judicially take cognizance of the fact, that the common law prevails in the State of Kentucky, and that a deed is one of the most solemn and authentic instruments known to that system of laws, by which the rights of property can be alienated, and that it is sufficient in form and effect, in the common law States of this Union, in the absence of statutory enactments to the contrary, to transfer to and vest in a slave a full and perfect title to his freedom.

If, therefore, the effect of a deed as a common law instrument of conveyance, has been changed by the statute law of Kentucky, in the matter of the manumission of slaves, of which statute law we cannot take cognizance without evidence, the defendant should have shown it by proof, which, however, he has failed to do.

It is a grave error to suppose, that free persons of color, who have been wrongfully and illegally deprived of their freedom, and sold into slavery in this State, have no right of action in our courts for the recovery of their liberty. If no right of action in such cases existed, then free negroes might be kidnapped in any part of the Union, and sold into slavery in this State, with impunity—a species

FOSTER
v.
MISH.
of slave-trade, which our Legislature never intended to legalize by the Act of 1857, prohibiting emancipation.

The defendant called his vendor in warranty; but as it appears from the record that he is dead, the call in warranty must be dismissed for the want of proper parties, if not for the want of jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that there be judgment in favor of the plaintiff, and that he be declared a free person of color, and as such entitled to the enjoyment of his freedom, and that he recover the costs of this suit in both courts. And it is further ordered and decreed, that the call in warranty be dismissed, at the defendant's cost.